IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:17-cr-00062-1

QUINTON FUNK,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court are the defendant's Motion to Sever [ECF No. 89] and the defendant's Motion Reserving Right to File More Motions [ECF No. 90]. The government responded, and the defendant did not reply. The matter is ripe for adjudication. For the reasons stated herein, the Motion to Sever [ECF No. 89] is **DENIED**, and the Motion Reserving Right to File Further Motions [ECF No. 90] is **DENIED as moot**.

I. Background

The indictment in this case charges the defendant, Quinton Funk, with three separate offenses. Indictment 1–2, 10–11 [ECF No. 18]. Count One charges the defendant with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, and Counts Nine and Ten charge the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). *Id.* The defendant has

moved under Rule 14 of the Federal Rules of Criminal Procedure to sever Count One from Counts Nine and Ten and to schedule two separate trials. Mot. Sever 1–2.

## II. Legal Standard

Under Rule 14 of the Federal Rules of Criminal Procedure, a court may sever counts of an indictment if joinder of the offenses "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). "A defendant making a motion for severance pursuant to Rule 14 has the burden of demonstrating a strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). For offenses properly joined under Rule 8 of the Federal Rules of Criminal Procedure, the Fourth Circuit has identified three sources of prejudice for severance under Rule 14:

> (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

*United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976). However, "[i]t is not enough for the defendant to show that severance offers him 'a better chance of acquittal,'" *United States v. Cardwell*, 433 F.3d 378, 387 (4th Cir. 2005) (quoting *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995)). "[A] district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

2

III. Discussion

In his Motion to Sever [ECF No. 89], the defendant argues that evidence of his prior conviction, as a necessary element to prove the charges in Counts Nine and Ten of the indictment, will "prejudice the jury into convicting the defendant because [the jury] [will] believe[] [that] he is of bad character and needs punishment, rather than . . . [that he is guilty] of the charged offense." Mot. Sever 2. However, the Fourth Circuit has stated that "[a]ny prejudicial effect of the necessary introduction of the defendant's past conviction [in connection with a firearms charge under 18 U.S.C. § 922] can . . . be avoided through the use of a limiting instruction." *United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984). Moreover, there is no "serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence" in this case. *Cardwell*, 433 F.3d at 387. Therefore, I **FIND** the defendant has not met his burden of showing prejudice. A limiting instruction is sufficient to protect against any prejudice to the defendant. Accordingly, the court **ORDERS** that the Motion to Sever [ECF No. 89] is **DENIED**.

Additionally, "[r]equiring two trials, one for a charge which requires little more than proof of possession and the existence of the prior record, and one for the underlying criminal charge, would be unnecessarily redundant." *Id.* Severance would lead to an "unnecessarily redundant" second trial and a waste of judicial resources.

In the defendant's Motion Reserving Right to File Further Motions [ECF No. 90], the defendant attempts to "reserve[] the right to make further motions in this

case" because the defendant lacks the "ability to foresee all pretrial matters." Mot. Res. Right to File Further Mots. 1. The Motion [ECF No. 90] does not request any relief and therefore is **DENIED as moot**.

IV. Conclusion

For the reasons stated above, the defendant's Motion to Sever [ECF No. 89] is **DENIED**, and Motion Reserving the Right to File More Motions [ECF No. 90] is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: June 12, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE